UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-CV-00421-BO

| ANTHONY DALE PATRICK, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) ORDER |
| KILOLO KIJAKAZI, | ) |
| *Acting Commissioner of Social Security,* | ) |
| Defendant. | ) |

This cause comes before the Court on cross-motions for judgment on the pleadings. [DE 14, 16]. For the following reasons, the matter is remanded for further proceedings.

## BACKGROUND

Anthony Patrick served the United States Air Force for 24 years, completing multiple tours in the Middle East and Bosnia. Mr. Patrick was honorably discharged and subsequently diagnosed with severe PTSD. After considering his physical and emotional disabilities, the Department of Veterans Affairs (VA) found him 100% disabled. [DE 12 at 289].

On November 13, 2019, plaintiff protectively filed an application for a period of disability and disability insurance benefits, alleging an onset date of May 5, 2017. He was 42 years old on the alleged onset date. Plaintiff's application was initially denied, and upon reconsideration, it was denied again. Plaintiff appealed and had a telephonic hearing before an Administrative Law Judge ("ALJ") on April 19, 2021. On May 27, 2021, the ALJ issued an unfavorable decision, finding that plaintiff was not disabled and was capable of light work. Plaintiff requested a review of this decision, and on August 16, 2021, the Appeals Council denied plaintiff's request for review and the denial became the final decision of the Commissioner.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B). Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process, the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

If, at step one, the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments (Listing) in 20

2

C.F.R. Part 404, Subpart P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

Here, the ALJ found plaintiff had not engaged in substantial gainful activity since the date that his application was filed. At step two, the ALJ found the following to be severe impairments: obstructive sleep apnea, degenerative disc disease, obesity, migraines, lateral epicondylitis of the right elbow, bilateral carpal tunnel syndrome, anxiety, depression, and PTSD. At step three, the ALJ found that plaintiff's impairments did not meet or equal a Listing either alone or in combination. The ALJ calculated plaintiff's RFC to light work with some limitations. At step four, the ALJ found that plaintiff could not perform any of his past relevant work. But at step five, considering plaintiff's age, education, work experience, and RFC, the ALJ found a significant number of jobs in the national economy that plaintiff could perform.

When calculating plaintiff's RFC, an ALJ must give substantial weight to a VA disability rating. *Woods v. Berryhill*, 888 F.3d 686 (4th Cir. 2018); *see Bird v. Commissioner*, 699 F.3d 337, 343 (4th Cir. 2012). This is because the "purpose and evaluation methodology of" the SSA and VA disability determinations are "closely related." *Bird*, 699 F.3d at 343; *Woods*, 888 F.3d 686. An ALJ may decline to give substantial weight to a VA disability rating, but only if the ALJ provides a "specific reason for rejecting the state agency's determination." <u>*Woods v. Berryhill*, 888 F.3d 686 (4th Cir. 2018)</u>.

Here, the ALJ failed to give substantial weight to the VA's disability rating and failed to provide a specific reason for rejecting the VA's 100% disability rating. [DE 12 at 289]. The only mention of the VA's disability rating stems from when the ALJ asked Mr. Patrick whether the VA provided him with household services. Mr. Patrick said no. [DE 12 at 49]. The ALJ concluded that Mr. Patrick "denied receiving any services from the VA." [DE 12 at 20]. But the fact that the VA did not provide Mr. Patrick with *household* services does not mean the VA provided him with no services at all. Moreover, the lack of household services is not a valid reason for rejecting the VA's 100% disability determination. This ALJ gave no other reason why she did not give the VA's disability substantial weight. That error warrants remand.

Furthermore, after acknowledging that Mr. Patrick had PTSD, the ALJ did not properly explain how Mr. Patrick's severe PTSD was consistent with an RFC of light work. It is "not the court's responsibility to guess at the ALJ's reasoning. . .[and] without an explanation from the ALJ, the court cannot perform a meaningful review." *Benfield v. Saul*, 827 Fed. Appx. 297, 301 (4th Cir. 2020). This error also warrants remand.

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for judgment on the pleadings [DE 14] is GRANTED, and defendant's motion for judgment on the pleadings [DE 16] is DENIED. The case is REMANDED for further proceedings.

SO ORDERED, this __17__ day of March, 2023.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4
Case 5:21-cv-00421-BO   Document 24   Filed 03/20/23   Page 4 of 4